# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ASHANN RA,**
**INMATE # 1070442,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No.  4:22cv422-WS-MAF**

**UNITED STATES OF AMERICA,**
**JOHN DECKER, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has submitted a type-written document to this Court titled as "criminal complaint." ECF No. 1. It was submitted by a pro se prisoner from Virginia. The complaint asserts that Ashann-Ra has been adducted and is being unlawfully held in Waverly, Virginia, "using false, fictitious or fraudulent statements and names." *Id.* at 1. Plaintiff seeks ten million dollars plus interest. *Id.* at 2.

First, Plaintiff may not file a criminal complaint. In our federal system of justice, the United States Attorney is charged with the prosecution of

crimes.[1]  Nadler v. Mann, 951 F.2d 301, 305 (11th Cir. 1992) (stating "[a] United States Attorney, appointed by the President and confirmed by the Senate, is the chief federal law enforcement official for the judicial district he serves and is responsible for the prosecution of all offenses against the United States within his district").  The United States Attorney for the Northern District of Florida bears the decision of "whether or not to prosecute, and what charge to file or bring before a grand jury." Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 669, 54 L. Ed. 2d 604 (1978).  Plaintiff may not do so.

Second, to the degree Plaintiff seeks monetary damages, this case could be construed as a civil rights action.  However, Plaintiff did not pay the filing fee for this case nor did he file an in forma pauperis motion at the time of case initiation.  To proceed, Plaintiff would usually be directed to do one or the other.  However, there is no need to delay this case and permit

---

[1] Except as otherwise provided by law, each United States attorney, within his district, shall--
  (1) prosecute for all offenses against the United States;
  (2) prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned . . . .

28 U.S.C. § 547.

Case No. 4:22cv422-WS-MAF

Plaintiff to file an in forma pauperis motion because Plaintiff has "three strikes" pursuant to 28 U.S.C. § 1915(g).

Judicial notice is taken that Plaintiff said he was being held in Virginia. *Id.* at 1. Plaintiff is not a stranger to the federal courts of that State as he has filed over thirty cases there. He recently submitted a motion - attempting to initiate a new case - in the Eastern District of Virginia. Case #1:22-cv-629-LMB-JFA. The case was dismissed on June 16, 2022, "for failure to allege a cognizable cause of action." ECF No. 3 of that case. In November of 2020, Plaintiff sought to initiate case number 1:20-cv-01456-LMB-MSN in the Eastern District of Virginia. It was dismissed on December 7, 2020, as frivolous. ECF No. 3 of that case. In 2013, Plaintiff sought to initiate case number 1:13-cv-01424-LMB-IDD. It was dismissed because Plaintiff was deemed to have three strikes and was not entitled to in forma pauperis status. ECF No. 2 of that case. The order noted that Plaintiff was "well aware of his three strikes" and did not allege imminent danger. Finally, the Court reviewed case number 1:14-cv-00977-LMB-TRJ, filed by Plaintiff on July 30, 2014. That case was dismissed on August 4, 2014, also pursuant to § 1915(g). ECF No. 2 of that case. The order of dismissal noted that in 2006, Plaintiff was found to be a "three

striker" and was "barred from filing a civil action unless he prepays the filing fee or" submits a complaint which alleges imminent danger. *Id.*

These cases sufficiently demonstrate that Plaintiff is well aware that he has three strikes and cannot proceed with in forma pauperis status absent allegations showing he is in imminent danger of serious physical injury. Plaintiff's allegations do not do so; indeed, the assertions are frivolous.

The relevant statute - 28 U.S.C. § 1915(g) - prohibits a prisoner from filing civil lawsuits or appeals without full prepayment of the filing fee if the prisoner has had three prior actions or appeals "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, Plaintiff has had three prior dismissals which count as strikes under § 1915(g). He has not presented allegations showing he is in "imminent danger of serious physical injury." Thus, he is not entitled to proceed with this case unless he simultaneously submitted the $402.00 filing fee at the time of case initiation. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g)

does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

Therefore, Plaintiff is not permitted to proceed with in forma pauperis status based on the allegations presented in the "criminal complaint," ECF No. 1, because they do not demonstrate "imminent danger. Moreover, Plaintiff did not pay the filing fee for this case at case initiation. This case should be dismissed without prejudice to Plaintiffs refiling his case if there is a legal basis to do so.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** so long as Plaintiff simultaneously submits the $402.00 filing fee. It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on December 5, 2022.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**